UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-02132-JVS-ADS | Date | November 25, 2024 |
| Title | Cole et al. v. Patel et. al. | | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| Elsa Vargas | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

Proceedings:   **[IN CHAMBERS] Order Regarding Motion to Remand [5]**

Before the Court is Plaintiff Cecelia Cole, Trustee of Coal Trust #101 Trust B and of Cecelia Cole Living Trust, Priya Rana Kapoor Darnborough, and Heera Kapoor's (collectively, "Plaintiffs") motion to remand. (Mot., Dkt. No. 5.) Raju Patel and Tara Patel (collectively, "Defendants") filed an opposition. (Opp'n, Dkt. No. 14.) Plaintiffs' filed a reply. (Reply, Dkt. No. 16.)

For the following reasons, the Court **GRANTS** the motion to remand and **GRANTS** an award of attorneys' fees.

## I. BACKGROUND

This case is about a commercial unlawful detainer action following the expiration of a fixed-term lease. (Mot. at 1.) On July 1, 2024, following the expiration of the lease, Plaintiffs filed an unlawful detainer action against Defendants in Orange County Superior Court.[1] (Id. at 2.) Defendants filed an answer in state court on July 15, 2024. (Id.) While the parties were disputing discovery, Defendants filed a notice of removal. (Dkt. No. 1.) This notice was issued on October 1, 2024. (Id.) Plaintiffs now request that the case be remanded back to state court. (Mot. at 1.)

## II. LEGAL STANDARD

Under 28 U.S.C. § 1441(a), a defendant may remove a civil action from state court to federal court so long as original jurisdiction would lie in the court to which the action

---

[1] Case No. 30-2024-01410657-CU-UD-CJC.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-02132-JVS-ADS | Date | November 25, 2024 |
| Title | Cole et al. v. Patel et. al. | | |

is removed.  City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 163 (1997). According to the Ninth Circuit, courts should "strictly construe the removal statute against removal jurisdiction."  Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009) (citing Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)). Doubts as to removability should be resolved in favor of remanding the case to the state court.  Id.  This strong "presumption against removal jurisdiction means that 'the defendant always has the burden of establishing that removal is proper.'"  Id. (quoting Gaus, 980 F.2d at 566).

Generally, a defendant must remove an eligible civil action within thirty days of receiving service of the complaint.  28 U.S.C. § 1446(b)(1).  If, however, "the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant . . . a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3).

"A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal." 28 U.S.C. § 1447(c); see also Maniar v. FDIC, 979 F.2d 782, 786 (9th Cir. 1992).  "The [thirty-day] statutory time limit for removal petitions is merely a formal and modal requirement and is not jurisdictional."  Friedenberg v. Lane Cnty., 68 F.4th 1113, 1121 (9th Cir. 2023) (quoting Smith v. Mylan Inc., 761 F.3d 1042, 1045 (9th Cir. 2014). Thus, "[a]lthough the time limit [to remove a case] is mandatory and a timely objection to a late petition will defeat removal, a party may waive the defect . . . by sitting on his rights."  Id.

### III. Discussion

   A.   *Defendants' Removal Was Untimely*

A court may remand for defects other than lack of subject matter jurisdiction only upon a timely motion to remand.  28 U.S.C. § 1447(c) ("A motion to remand [a] case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under § 1446(a)."); Smith v. Mylan Inc., 761 F.3d 1042, 1044 (9th Cir. 2014).  The Ninth Circuit has held that a claimed defect for the timeliness of removal is a procedural defect in nature, not jurisdictional.  Id. at

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-02132-JVS-ADS | Date | November 25, 2024 |
| Title | Cole et al. v. Patel et. al. | | |

1045 (holding that § 1446(b)'s one-year time limitation for removal of diversity cases is procedural just like the thirty-day statutory limit for removal). Therefore, "a district court lacks authority to remand based on the defendant's [untimely removal] absent a timely filed motion to remand." Id.

Because timing is a procedural defect, Plaintiffs were required to file their motion to remand within 30 days. See 28 U.S.C. § 1447(c); In re Edward Jones Holders Litig., 453 F. Supp. 2d 1210, 1213 (C.D. Cal. 2006) (holding that the time limit is not extended if the defendant mails the notice to plaintiff). "The 30-day period runs from the date that the notice of removal is filed, not from when the plaintiff is served with notice." Id. at 1214 (citing 16 Moore's Federal Practice § 107.41[1][d]).

As a threshold inquiry, Plaintiffs motion for remand *must* be timely in order to remand the case on the basis of a procedural defect.[2] A timely motion is one that is filed within 30 days of the notice of removal. See 28 U.S.C. § 1447(c). In this case, the notice of removal was October 1, 2024. (Dkt. No. 1.) Plaintiffs filed their motion for remand on October 24, 2024. (Mot., Dkt. No. 5.) This is within 30 days and thus, Plaintiffs' motion was timely.

Therefore, because Plaintiffs have properly objected, the sole question remains whether removal was timely under § 1446(a). If notice of removal was timely, then the Court will move to the question of whether it has subject matter jurisdiction. If removal was untimely, then the court may remand on the basis of such procedural defect because Plaintiff did not waive such a defect. See Friedenberg v. Lane Cnty., 68 F.4th 1113, 1121 (9th Cir. 2023) ("[T]he time limit [to remove a case] is mandatory and a timely objection to a late petition will defeat removal[.]")

---

[2] Defendants appear to misunderstand the standard. The Court is not going to, and cannot, sua sponte remand a case based on a claimed procedural defect—this much is clear. But when the other party files a timely motion on said procedural defect, the Court is well within its right to remand based on said procedural defect. See Kelton Arms Condominium Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192–93 (9th Cir. 2003). Indeed, without an ability to do so, § 1446(b) would be entirely meaningless. The purpose behind the rule prohibiting sua sponte remand is that "[a] plaintiff may wish to remain in federal court even though he or she originally filed in state court." Id. Of course, when the plaintiff timely opposes on the basis of a procedural defect, the Court may remand "for the protection of the part[y]." Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  8:24-cv-02132-JVS-ADS                    Date  November 25, 2024

Title  Cole et al. v. Patel et. al.

Here, Defendants were served with process in the underlying unlawful detainer action on July 15, 2024. (Mot. at 6.) Defendants do not rebut this assertion. Thus, Defendants had until August 14, 2024 to remove the action. See 28 U.S.C. § 1446(b); Fed. R. Civ. P. 6(a). Defendants did not file a notice of removal until October 1, 2024. Thus, Defendants removal was late and the removal is not warranted.

Defendants respond that they did not have "specific and unambiguous notice" that the case would satisfy federal jurisdictional requirements and thus, they timely filed for removal when they investigated and discovered the removability. (Opp'n at 6–7.) Defendants provide no cogent explanation for their investigation and why they could not have discovered federal jurisdiction sooner. Rather, Defendants simply state one line: "The question of removal is based on Roth and Defendants own investigation after the thirty day period under Section 1446(b) that the case is removable."

Defendants single-line explanation provides the Court with no insight into why Defendants were unaware of any federal question sooner. Indeed, Defendants' opposition clearly bases its claim for federal subject matter jurisdiction on the lease agreement, which it readily had available, and no other basis. It is axiomatic that there is a strong "presumption against removal jurisdiction[, and that] means that 'the defendant always has the burden of establishing that removal is proper.'" Moore-Thomas, 553 F.3d at 1244 (citing Gaus, 980 F.2d at 566).

Defendant has entirely failed to satisfy its burden of explaining why federal subject matter was unclear or why delay was warranted. Accordingly, the Court **GRANTS** the motion to remand.

B.    Attorneys' Fees

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Supreme Court has rejected the idea that Section 1447(c) either provides an automatic right to attorney's fees upon remand, or creates a presumption on favor of awarding attorney's fees upon remand. Martin v. Franklin Capital Corp., 546 U.S. 132, 138–39 (2005). Rather, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-02132-JVS-ADS | Date | November 25, 2024 |
| Title | Cole et al. v. Patel et. al. | | |

should be denied." Id. at 141 (internal citation omitted); Chan Healthcare Grp., PS v. Liberty Mut. Fire Ins. Co., 844 F.3d 1133 (9th Cir. 2017).

This case is paradigmatic of the type of case that warrants an award of attorneys' fees. First, removal was plainly a delay tactic. As Plaintiffs' motion makes clear, Defendants were on the precipice of a sanctions hearing for failure to respond to outstanding discovery. (See Mot. at 2 (citing Dkt. No. 6, Ex. 3).) Two days prior to the hearing, Defendants removed this action to federal court. (Dkt. No. 1.) Moreover, as Plaintiffs' counsel notes, Plaintiffs were unable to reach Defendants to meet and confer regarding the instant motion. (Declaration of Ron E. Torres, Dkt. No. 5.) These facts tend to suggest that removal was merely a delay tactic to avoid discovery obligations, delay proceedings, and avoid the focus of sanctions.

Second, Defendants' assertion of federal jurisdiction was specious and ultimately unsound. While the Court did not address Defendants' basis for subject matter, it will briefly do so for the purposes of attorneys' fees. Defendants assert subject matter jurisdiction on the basis that their *defense* relies on the FAA, governed under federal law. Yet, the federal rules are clear that a federal question *must* be decided on the face of the complaint.[3] See Louisville & Nashville R. Co. v. Mottley, 211 U.S. 149 (1908). Indeed, as the Supreme Court held in Rivet v. Regions Bank of Louisiana,

> We have long held that "[t]he presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. A defense is not part of a plaintiff's properly pleaded statement of his or her claim.

522 U.S. 470, 574 (1998) (internal citations omitted).

While the "artful pleading" doctrine does allow for removal where federal law preempts a plaintiff's state-law claim, such is not the case here. Plaintiffs have not attempted to "artfully plead" their complaint to avoid federal questions of civil rights, arbitration, or RICO. These claims are largely without merit and were dismissed without

---

[3] Often referred to as the Mottley Rule or the Well-Pleaded Complaint Test.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-02132-JVS-ADS | Date | November 25, 2024 |
| Title | Cole et al. v. Patel et. al. | | |

prejudice in federal court. (See Decl. of Frank A. Weiser for Defendants, Dkt. No. 15, ¶ 5.)

Third, Defendants' inability to explain their "investigation" and late realization of removal weighs strongly in favor of awarding attorneys' fees. Despite filing an untimely removal, Defendants spent only one page in opposition to respond to the clear procedural defect. (See Opp'n at 6.) Instead of explaining the defect, Defendants spent one-third of their page-long argument explaining that the Court cannot "sua sponte remand" for procedural defects and that a procedural defect is "waivable by the plaintiff." Suffice it to say, Plaintiffs' motion did not waive the defect.

The remainder of Defendants' argument was dedicated towards reciting statutory language and several inapposite cases to suggest that it was permissible to discover subject matter jurisdiction late. Putting aside Plaintiffs' poignant finding that Defendants relied on their same removal arguments in a filing on July 27, 2024, well within the period to timely file a removal, (see Reply at 4–5), Defendants still failed to provide any explanation for the late discovery.

Accordingly, the Court **GRANTS** Plaintiffs' motion for attorneys' fees. Plaintiffs' counsel shall file a brief within ten (10) days of this Order providing evidence of attorneys' fees related to the instant motion.

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the motion to remand and **GRANTS** an award of attorneys' fees.

**IT IS SO ORDERED.**

The Court further finds that oral argument would not be helpful on this matter. Fed. R. Civ. P. 78; L.R. 7-15. Accordingly, the Court **VACATES** the December 2, 2024, hearing.